UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH CROWE,<br><br>    Plaintiff,<br><br>  v.<br><br>JO ANNE B. BARNHART, Commissioner,<br>Social Security Administration,<br><br>    Defendant. | Case No.  C05-5391RJB<br><br>REPORT AND<br>RECOMMENDATION TO DENY<br>APPLICATION TO PROCEED<br>*IN FORMA PAUPERIS*<br><br>Noted for July 8, 2005 |

  This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  This matter comes before the court on plaintiff's filing of an application to proceed *in forma pauperis* and a complaint to review and set aside a decision of the Social Security Administration under 42 U.S.C. § 405(g).  Because plaintiff's application indicates he and his wife have sufficient income with which to pay the $250.00 filing fee, the undersigned recommends that the court deny the application.

DISCUSSION

  The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  However, the court has broad discretion in denying an application to proceed *in forma pauperis*.  Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

REPORT AND RECOMMENDATION
Page - 1

1  By requesting the court to proceed *in forma pauperis*, plaintiff is asking the government to incur
2  the filing fee because he allegedly is unable to afford the costs necessary to proceed with his cause of
3  action.  However, in his application to proceed *in forma pauperis*, plaintiff states that, although he is not
4  currently working, his wife earns approximately $1,300.00 a month.  He states further that he has about
5  $100.00 to $200.00.  In addition, plaintiff states that he pays $25.00 per month in child support.

6  While plaintiff claims he is currently not working, the court presumes he is being supported by his
7  wife's income as a member of the marital community.  In addition, there is no indication that plaintiff is
8  divorced or legally separated from his wife.  Further, while the undersigned recognizes that $1,300.00 per
9  month does not constitute a substantial income for the marital community, given that plaintiff is only
10 obligated to provide $25.00 in child support each month, it does not seem unreasonable to expect him to
11 pay the required filing fee.

## CONCLUSION

13 Because it is reasonable for plaintiff to incur the costs to proceed with this cause of action, the
14 undersigned recommends that the court deny her application to proceed *in forma pauperis*.  Accordingly,
15 the undersigned also recommends that the court order plaintiff to pay the required filing fee **within thirty**
16 **(30) days** of the court's order.  A proposed order accompanies this report and recommendation.

17 Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedures, the
18 parties shall have ten (10) days from service of this Report and Recommendation to file written objections
19 thereto. See also Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for
20 purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule
21 72(b), the clerk is directed set this matter for consideration on **July 8, 2005**, as noted in the caption.

22 Dated this 15th day of June, 2005.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2